IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANEL SMITH, on behalf of herself and others similarly situated, </br></br> Plaintiff, </br></br> v. </br></br> SPECIFIED CREDIT ASSOCIATION, INC., </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) No. 14 C 06496 </br> ) </br> ) Judge John J. Tharp, Jr. </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Janel Smith has filed a class action complaint against Defendant Specified Credit Associates, Inc. ("SCA"), alleging that SCA sent an unlawful debt collection letter to her and others. Smith alleges that the letter in question violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, because it failed to disclose required information about the accrual of interest on the alleged debt. SCA moves to dismiss the complaint on the ground that the claim is moot because SCA offered to settle Smith's claim for its full value, thereby eliminating any case or controversy between the named parties.

Most of the relevant facts are not in dispute.[1] Based on information received from another attorney who had represented a client against SCA in another FDCPA case, Smith's counsel emailed a draft complaint to SCA's counsel with a note stating, in part, "to the extent that the attached draft, un-filed complaint involves a matter that you would likely handle for SCA, please let me know if SCA has any interest in discussing it before we file it." After an exchange of several other emails, SCA's counsel responded by offering to pay the plaintiff's full

---

[1] This chronology is drawn primarily from facts set forth in the plaintiff's "Statement of Issues," Dkt. 14, which is effectively the plaintiff's response to the defendant's motion to dismiss (hereafter, "Response" or "Resp.").

Case: 1:14-cv-06496 Document #: 27 Filed: 01/30/15 Page 2 of 8 PageID #:173

damages and attorney's fees: "[SCA has] authorized me to offer your client statutory damages in the amount of $1,000.00, actual damages she may have suffered in the amount of $250.00, and all attorney's fees related to this matter." According to SCA, Smith's counsel responded with a counter-offer to settle for $7,500, providing no explanation or justification for that demand. Smith's counsel denies having made a counter-offer to settle Smith's claim individually. Approximately one month later, Smith filed the complaint in this action, which was in all material respects identical to the draft complaint that Smith's counsel had originally forwarded to SCA's counsel. Contemporaneously, Smith filed a motion to certify the putative class.

In filing a class certification motion along with the complaint, Smith was following advice provided by the Seventh Circuit for preventing the named plaintiff's claim in a class action from being mooted by a settlement offer. In *Damasco v. Clearwire Corp.*, 662 F.3d 891, 894 (7th Cir. 2011), the Court of Appeals confirmed the rule in this Circuit that "a complete offer of settlement made prior to the filing for class certification moots the plaintiff's claim." *Damasco* rejected the argument that class action plaintiffs should be afforded "a reasonable opportunity to seek certification" before a claim could be mooted, because "[t]o allow a case, . . . with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Id*. at 895–96. The *Damasco* court also found it "unnecessary" to create an exception to the mootness doctrine for class action plaintiffs, because there is a simple solution to the tactic of buying off class plaintiffs: "Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id*. at 896.

Here, the plaintiff followed the Seventh Circuit's advice, filing a class certification motion contemporaneously with the class action complaint. SCA argues, however, that because it had offered a full settlement of Smith's individual claim before the complaint was ever filed, she had already been deprived of standing to assert any individual, or class, claim. Citing *Damasco*'s advice to would-be class action plaintiffs to file a prophylactic motion for class certification with the complaint, Smith counters that *Damasco* applies only to settlement offers that post-date the filing of a complaint. To extend the mootness doctrine to claims that have not been filed, she contends, would deprive her of the shield *Damasco* provided and would deter potential class action plaintiffs from initiating and engaging in pre-suit negotiations.

The defendant has the better of this argument. There is nothing about the actual filing of a complaint that affects the mootness analysis, which turns not on the existence of a filed complaint but on the existence of a live dispute between the parties. If there is no such dispute, because the putative defendant has offered to give the putative plaintiff all of the relief the plaintiff would be entitled to from a judgment in her favor, then the claim is moot, whether or not the legal claim has already been filed. Nothing in *Damasco*, or in subsequent Seventh Circuit cases reaffirming *Damasco*'s holding, suggests otherwise. The filing of a complaint might make a determination of whether a settlement offer really moots the claim easier to ascertain (just as reducing the terms of a contract to writing will often enhance clarity, though as will be discussed below, the relief sought in the complaint may not be definitive), but it does not affect the substantive question of whether the plaintiff still has a claim after the settlement offer has been made.

That is reason enough to reject the plaintiff's resort to policy considerations, but her concerns about deterring early settlement communications are unfounded in any event.

Recognizing that claims may be mooted before they are filed in court will not, as Smith contends, preclude pre-suit negotiations between prospective class action litigants. Damasco's prophylactic motion is not the only means that class action plaintiffs may protect themselves. Before engaging in any settlement discussions, for example, counsel for potential class plaintiffs could require an agreement from defense counsel to defer the making of any actual offer of settlement until the conclusion of negotiations about the parameters of the offer to be extended or without the plaintiff's prior consent.[2]

So, the timing of SCA's settlement offer does not save Smith's claim from mootness, but that is not the end of the discussion. Smith also maintains that her claim is not moot because she has a continuing interest in serving as a class representative. That argument fails, however, because if her claim was moot before she asserted a class claim, she had no stake in serving as a class representative. *See Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010) ("That plaintiffs sought to certify a restitution class does not change this result [mootness] because they did not add the claims or move to certify the class until after their personal stake in the action had evaporated."); *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (plaintiff who did not move for class certification "prior to the evaporation of his personal stake" could not invoke "the class action exception to the mootness doctrine"). Smith invokes the Supreme Court's opinions in *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980), and *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper,* 445 U.S. 326 (1980), to support this argument but in neither case did the Court hold that a plaintiff has an interest in representing a class *before* moving for class certification. In *Geraghty*, the Court recognized only that a plaintiff whose individual claim

---

[2] Similar agreements are often entered into by class litigants in cases pending in this district so that prophylactic *Damasco* class certification motions, which might otherwise remain pending for long periods before briefing and resolution, can be disposed of before they become reportable on semi-annual Civil Justice Reform Act reports.

4

remained live when class certification was denied had standing to continue to represent the class in the appeal of the certification denial; the holding has no application where no class certification motion had been filed when the plaintiff's claim became moot, as the Supreme Court explained in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013); *see also Geraghty*, 445 U.S. at 404 & n.11; *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1017 (7th Cir. 2014) (pointing out that *Symczyk* distinguished *Geraghty* in this manner).[3] The same is true of *Roper*. *See* 445 U.S. at 329 (settlement offer made after denial of class certification motion).[4]

The Seventh Circuit has held that "the mooting of the named plaintiff's claim in a class action by the defendant's satisfying the claim does not moot the action *so long as the case has been certified as a class action . . . [or] a motion for class certification has been made and not ruled on*, unless . . . the movant has been dilatory." *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546–47 (7th Cir. 2003) (emphasis added). *See also Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870 (7th Cir. 1978) ("when a motion for class certification has been pursued with reasonable diligence and is then pending before the district court, a case does not become moot merely because of the tender to the named plaintiffs of their individual money damages"). It follows that where no certification motion has been filed, the mooting of the named plaintiff's individual claim ends the case; no class exists absent certification. "That the complaint identifies the suit as a class action is not enough by itself to keep the case in federal court." *Damasco*, 662 F.3d at 896. *See also Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir.

---

[3] Smith's reliance on the arguments of the four dissenting justices in *Symczyk* to support her argument that an unaccepted settlement offer cannot moot a plaintiff's claim even if it offers full relief obviously fails to carry the day. This Court is not free to disregard controlling Circuit law on the strength of a dissent in the Supreme Court.

[4] *Roper* has no relevance in any event because the Court held that the plaintiffs in that particular case retained a "continuing personal economic stake in the litigation even after the offer of judgment." *See LVNV Funding*, 744 F.3d at 1017. *Roper*, in other words, does not even involve a situation in which the plaintiff's financial interest in the case had been extinguished.

1999) (a settlement offer that precedes the filing of a class certification motion moots a case because it comes "before the existence of other potential plaintiffs has been announced."); *cf. Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2380 (2011) (rejecting argument that "until the moment when class certification was denied, the . . . case was a properly conducted class action"); *Bd. of Sch. Comm'rs of Indianapolis v. Jacobs,* 420 U.S. 128, 130 (1975) (case deemed moot where there class had never been properly identified by the district court pursuant to Rule 23). Before any motion to certify a class has been filed, the plaintiff whose individual demand has been satisfied has no continuing stake in the case; were it otherwise, the prophylactic motion suggested in *Damasco* would have been unnecessary. The view of our Court of Appeals is clear: "To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Damasco,* 662 F.3d at 896.

To survive SCA's motion, then, Smith must establish that SCA's settlement offer did not moot her individual claim. That is to say that the offer failed to give Smith everything she is seeking, not just that to which the defendant believes she is entitled. *Scott v. Westlake Servs. LLC*, 740 F.3d 1124, 1126–27 (7th Cir. 2014) ("if the defendant offers to pay only what it thinks might be due, the offer does not render the plaintiff's case moot"). Smith maintains that SCA's offer failed to provide full relief in two ways: it did not provide for the entry of judgment against SCA and it did not satisfy her demand for injunctive relief. The first argument is unavailing, but the second keeps her in court.

Smith's argument that SCA's settlement offer was inadequate because it did not include an offer to stipulate to an entry of judgment against SCA is plainly inconsistent with Seventh Circuit cases holding claims moot based on settlement offers that did not include offers of

6

judgment, most notably *Damasco*, where the Court of Appeals expressly rejected the argument that Damasco should have been given a reasonable period in which to file a class certification motion after filing the complaint because the settlement offer had *not* been framed as an offer of judgment pursuant to Fed. R. Civ. P. 68, which provides for 14 days to consider such offers. 662 F.3d at 897. *See also, e.g., Greisz*, 176 F.3d at 1015 (by offering full pecuniary value of plaintiff's claim, defendant offered "the equivalent of a default judgment," thereby "eliminat[ing] a legal dispute upon which federal jurisdiction can be based").

But Smith also contends that SCA's offer was deficient because it "did not . . . offer to satisfy Ms. Smith's request for injunctive relief." Resp., Dkt. 14, at 6. Smith is correct that where a plaintiff seeks injunctive or other equitable relief, a settlement offer that would satisfy only the plaintiff's demands for monetary relief does not moot the plaintiff's claim. *See Swanigan v. City of Chicago*, No. 12-1261, ---F.3d---, 2015 WL 128123, *8 (7th Cir. Jan. 9, 2015). SCA does not dispute that an unsatisfied demand for injunctive relief would prevent mootness. *See* Reply, Dkt. 25, at 4–5 (acknowledging that by including a demand for injunctive relief, a plaintiff's attorney could prevent a defendant from mooting the plaintiff's claim).

SCA argues, however, that Smith did not request injunctive relief. The complaint's prayer for relief does not request an injunction and elsewhere the complaint alleges only that "Defendants have acted or refused to act on grounds generally applicable to the class members, making final declaratory or injunctive relief appropriate." Compl., Dkt. 1, at ¶ 56. SCA maintains that this statement "does not ask for anything," Reply at 3, but in fact this language that parrots the text of Rule 23(b)(2), which allows for the certification of a class seeking injunctive relief, rather clearly suggesting that the complaint contemplates an injunctive remedy.

7

That said, SCA's contention that the complaint does not indicate that Smith is seeking injunctive relief is not unreasonable; it is just ineffectual. Even if one reads Smith's complaint not to ask for injunctive relief, that would not prevent Smith from filing an amended complaint that more explicitly demands injunctive relief. That is precisely what saved the day for the plaintiff in *Swanigan.* There, the Seventh Circuit made the very same point in denying the defendant's motion to dismiss the complaint as moot, noting that although the "original complaint requested damages and 'such other and further relief as this Court may deem just and proper,' [the plaintiff] explained in his motion . . . that he intended to clarify in an amended complaint that he was 'also seeking declaratory and/or injunctive relief.'" 2015 WL 128123, at *7 & n.6. Smith maintains that she is seeking injunctive relief; that is enough to save her claim from mootness.[5]

\* \* \*

For the foregoing reasons, SCA's motion to dismiss for lack of jurisdiction [19] is denied.

Dated: January 30, 2015

John J. Tharp, Jr.
United States District Judge

---

[5] The Court notes as well that this is a somewhat unusual FDCPA case in which the plaintiff has made no demand for actual damages. Neither the draft complaint sent to SCA, nor the filed complaint, seeks any actual damages at all. Thus, Smith does not argue that the offer was inadequate because she sought actual damages in excess of the $250.00 included as actual damages in SCA's offer. But that is not to say that she would be barred from doing so in an amended complaint even if the original complaint were dismissed as moot; *Swanigan*'s holding suggests that amendment is permissible. That is a question that the parties did not address, so the Court will not address it definitively here. Nevertheless, Judge Durkin's observation in *Slick v. Portfolio Associates*, No. 12 C 2562, 2014 WL 4100416, *9 n.13 (N.D. Ill. Aug. 20, 2014), bears noting in this case as well: where an FDCPA plaintiff has alleged actual damages, it would appear that a defendant could not moot the case by offering any amount less than the actual damages the plaintiff had claimed.